UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Grass Brands, LLC<br><br>        Plaintiff,<br><br>v.<br><br>Agent Provocateur IP Limited,<br><br>        Defendant. | Civil Action No.<br><br><br>(JURY TRIAL DEMANDED) |

**COMPLAINT**

Plaintiff Grass Brands, LLC ("Plaintiff" or "Grass Brands"), by its attorneys, hereby complains of Defendant Agent Provocateur IP Limited ("Defendant" or "AP"), as follows:

**INTRODUCTION**

1.      Grass Brands brings this action seeking a declaratory judgment regarding rights to the trademark AGENT PROVOCATEUR in various international trademark classes.

2.      Specifically, Grass Brands' seeks a declaratory judgment that it use, licensing, and/or registration of the mark AGENT PROVOCATEUR does not violate any of Defendant's alleged trademark rights.

3.      Grass Brands also seeks a declaratory judgment that it does not infringe Defendant's alleged trademark AGENT PROVOCATEUR in international classes 3 and 25, nor does it infringe on any alleged common law trademark rights asserted by Defendant.

4.    Grass Brands also seeks a declaratory judgment that AP does not have any valid trademark rights, and/or does not have rights in the breadth or form that AP is asserting.

5.    Grass Brands also seeks a declaratory judgment that Defendant's Petition for Cancellation of Grass Brands' mark Registration No. 5,005,075 for the trademark AGENT PROVOCATEUR in international class 10, currently pending before the U.S. Trademark Trial and Appeal Board ("TTAB"), be dismissed in its entirety.

6.    Grass Brands also seeks a declaratory judgment that any and all of Defendant's claims are barred under the doctrines of laches, estoppel, acquiescence, waiver and/or release.

7.    Upon information and belief, Grass Brands also seeks a declaratory judgment that any and all of Defendant's claims are barred under the doctrine of unclean hands and/or by fraud, that AP's trademark registrations were procured by unclean hands, inequitable conduct and/or fraud on the U.S. Patent and Trademark Office, and should be cancelled due to the same.

8.    Grass Brands also seeks a declaratory judgment that Defendant's pending application in international class 10 should be denied registration.

**THE PARTIES**

9.    Plaintiff Grass Brands is a New York limited liability company having its principal place of business at 71 West 12th Street Suite 5B New York, NY 10011.  It is the owner of the word mark AGENT PROVOCATEUR, issued by the United States

2

Patent and Trademark Office as Registration No. 5,005,075 in international class 10 on July 19, 2016.

10.     Upon information and belief, Defendant AP is a limited liability company organized and existing under the laws of United Kingdom, having its principal place of business at 55 Loudoun Road, St. John's Wood London, NW8 0DL, and owning and operating multiple retail stores in this district.

## JURISDICTION AND VENUE

11.     This is an action arising under the Lanham Act, 15 U.S.C. §§ 1051 and 1125(a), et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.     This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §§ 1051 and 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13.     This Court has personal jurisdiction over Defendant and venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendant transacts and does business in this district, including selling and promoting products containing marks at issue.

## FACTS

14.     Grass Brands is the owner of U.S. Trademark Registration No. 5,005,075 ("the '075 Registration") to AGENT PROVOCATEUR in international class 10. "Electric and non-electric massage apparatus and instruments, namely, instruments for massaging or vibrating portions of the face and body and pacifiers for massaging the lips; adult sexual aids for aiding in copulation and masturbation, namely, artificial penises and

vaginas, penis pumps for penis enlargement, rings, non-metal clamps for applying pressure to the body, vaginal stimulators, vibrators, plugs for insertion into body cavities, sleeves on vibrators sold together with the massaging devices, harnesses for holding people used as a swing to obtain multiple positions during sexual intercourse, nipple clips, body prostheses in the nature of artificial penises, electrical apparatus for massaging the body for personal use, ticklers in the nature of feather tickler and feather streamers and paddles; love dolls, namely, sex dolls; condoms and miniature condoms; adult sexual aids, namely, pacifiers and gags for use by adults; benwa balls, penis rings and artificial vaginas."

15.     Grass Brands filed its application on September 25, 2015, and the '075 Registration to the mark was issued on July 19, 2016.

16.     AP's AGENT PROVOCATEUR mark is registered in international classes 3 and 25.  AP has no registration to AGENT PROVOCATEUR in international Class 10.

17.     When Grass Brands registered its mark, the U.S. Patent and Trademark Office ("USPTO") was fully aware of Defendant AP's prior registrations in the USPTO, including for example, U.S. Trademark Registration No. 2,694,598 issued March 11, 2003 in classes 3 and 25.

18.     The USPTO found no conflict between Grass Brands' registration and the prior trademark registrations of Defendant AP.

4

19.    Likewise, Defendant AP filed no petition for opposition of registration of Grass Brands' mark within AP's deadline to do so.  Nor did it file any petition for cancellation for years after Grass Brands' registration.

20.    On January 24, 2019, AP filed a trademark application to Agent Provocateur in international class 10 under the "intent to use" section 1(b) of 15 U.S.C. § 1051.  As such, AP has not identified any use of its marks on goods in class 10 in the United States.

21.    On July 9, 2018, AP filed a Petition for Cancellation in the USPTO for cancellation of Grass Brands' mark to AGENT PROVOCATEUR.

22.    In that Petition AP claimed "priority" to Grass Brands' mark and likelihood of confusion.  AP's Petition provided no support for its statement that "Long before any date upon which Registrant can rely, Petition's AGENT PROVOCATEUR mark became uniquely identified with Petitioner and came to identify the products of Petitioner exclusively."

23.    During discovery in the cancellation proceeding, AP has objected to producing any documents in response to Grass Brands' document requests.

24.    Moreover, when asked in Grass Brands' interrogatories about AP's use and non-use of its so-called mark on the goods identified, among other things, in international class 10, AP objected to this relevant request.  Then, contrary to its response to Grass Brands' document request, AP stated it would produce documents under Rule 33(d), Fed. R. Civ. P.  Yet, to date, no documents have been produced in line with its objection and refusal to produce any documents.

5

25.     Likewise, Defendant AP produced no documents showing the actual first use dates of each of the goods bearing the mark AGENT PROVOCATEUR that are listed in Defendant AP's trademark registrations.

26.     Upon information and belief, if AP was successful in canceling Grass Brands' mark it would legally seek to estop Grass Brands' from its current business licensing its mark AGENT PROVOCATEUR in Class 10.

27.     AP has not shown that it has continuously used its mark in international class 10 and trade channels in which Grass Brands' mark is registered from any time prior to Grass Brands' first use date.

28.     AP has also not shown that it had a valid basis for submitting sworn declarations as to first use of the AGENT PROVOCATEUR on all of the goods listed in its trademark applications and registrations.

29.     As a result of AP's filing of the above-referenced cancellation proceeding, and its threat to estop Grass Brands' use and licensing of Grass Brands' registered mark AGENT PROVOCATEUR, there exists an actual, present, and justiciable controversy between Grass Brands and AP regarding Grass Brands' and AP's respective rights.

**COUNT I**
**PLAINTIFF'S NON-INFRINGEMENT OF**
**DEFENDANT'S ALLEGED TRADEMARK**

30.     Grass Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

31.     AP is listed as the owner of the AGENT PROVOCATEUR word mark, trademark registration No. 2694598 in International Classes 3 and 25.

6

32.     Grass Brands is the owner of the AGENT PROVOCATEUR word mark in International Class 10.

33.     Grass Brands is also the owner of the '075 Registration to the AGENT PROVOCATEUR word mark in International Class 10 issued by the USPTO.

34.     Grass Brands and AP marks to AGENT PROVOCATEUR are in different classes.

35.     The USPTO found no conflict between the marks and duly and lawfully issued the '075 Registration to Grass Brands.

36.     Defendant AP had the right to oppose a registration to Grass Brands while Grass Brands' application was pending before the USPTO, but AP did not do so.  Nor did AP do so for many years after.

37.     There is a lack of likelihood of confusion between Grass Brands' and AP's respective marks, based, *inter alia*, on the respective parties, goods, services and trade channels.

38.     Based on, *inter alia*, the applicable facts of the parties' respective usages, there is no likelihood of confusion under the applicable legal standards.

39.     Grass Brands' licensing of its mark to AGENT PROVOCATEUR does not infringe on AP's registered trademarks.

## COUNT II

### DECLARATORY JUDGMENT OF PLAINTIFF'S NON-INFRINGEMENT OF DEFENDANT'S ALLEGED COMMON LAW RIGHTS

40.     Grass Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

7

41.    AP alleges that it has certain common law trademark rights to AGENT PROVOCATEUR.

42.    Under the applicable legal standards, Grass Brands disputes that AP has the alleged trademark rights in the breadth and/or form that it is trying to assert.

43.     AP does not have senior alleged trademark common law rights to those of Grass Brands for the goods and/or geographic areas in which Grass Brands licenses its products.

44.    As such, Grass Brands' licensing of its mark AGENT PROVOCATEUR cannot infringe AP's common law trademark rights, if any.

## COUNT III

### DECLARATORY JUDGMENT THAT DEFENDANT'S CLAIMS ARE BARRED UNDER THE DOCTRINES OF LACHES, ESTOPPEL, ACQUIESCENCE AND/OR  WAIVER

45.    Grass Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

46.    AP's claims are barred by laches, estoppel, waiver, release and/or acquiescence due to AP's predecessor-in-interest's representations, including its representations that it had no interest in expanding into goods relating to international class 10.

47.    AP's predecessor-in-interest's previous explicit representations that it had no intent or desire to expand into Grass Brands' international class 10 of its registered trademark AGENT PROVOCATEUR, were active representations that Petitioner would not be asserting a right to that Class, leading Grass Brands to believe that it would not

8

oppose its use, or an application directed thereto, or its registration of the same, or to attempt to cancel the same.

48.    Grass Brands relied on those explicit representations.

49.    In reliance upon AP's representations, Grass Brands applied for and was granted a trademark registration to the trademark AGENT PROVOCATEUR in class 10, namely, the '075 Registration.

50.    Grass Brands' application was filed on September 25, 2015, published for opposition on February 23, 2016, and was registered as a federal trademark on July 19, 2016.

51.    That filing, publication, and registration by Grass Brands were all public record.

52.    Comporting with Defendant AP's previous representations, Defendant AP and its predecessor-in-interest did not oppose Grass Brands' application when it was pending before the USPTO.

53.    Nor did Defendant AP or its predecessor-in-interest seek cancellation of Grass Brands' trademark registration for years.

54.    AP chose to stand by and allow Grass Brands to register its mark and to continue its use of the mark without objection.

55.    Likewise, upon information and belief, when AP acquired its predecessor-in-interest, it conducted, or should have conducted, due diligence with respect to registered trademarks to the AGENT PROVOCATEUR mark.

9

56.    At that time, it knew, or should have known, of Grass Brands' registration, but still took no action for an extended period.

57.    Likewise, Defendant AP failed to file any federal trademark application seeking registration of any rights in class 10 until recently.  In particular, it first filed for such rights in class 10 in its U.S. Trademark Application Serial No. 88/274,443 filed January 24, 2019.

58.    The representations, inaction, waiver, and delay by AP have caused Grass Brands material prejudice and damage.

59.    AP's representations, its inaction in not previously opposing Grass Brands' application, and its inaction in attempting to cancel Grass Brands' mark until recently is evidence of laches, estoppel, waiver, release and/or acquiescence.

60.    Under the doctrines of laches, estoppel, waiver, release and/or acquiescence, AP's claims against Grass Brands should be barred, and its petition for cancellation should be dismissed.

## COUNT IV

### DECLARATORY JUDGMENT DENYING DEFENDANT'S CLAIMS IN ITS PETITION TO  CANCEL GRASS BRANDS' MARK AND DENYING DEFENDANTS' RIGHTS VIS-À-VIS CLASS 10

61.    Grass Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

62.    AP has instituted a cancellation proceeding in the United States Patent and Trademark Office against Grass Brands' registration to AGENT PROVOCATEUR.

10

63.     AP has no senior rights to AGENT PROVOCATEUR in international class 10.

64.     AP's actions are intended to interfere with Grass Brands' licensing of its AGENT PROVOCATEUR mark to third parties.

65.     AP's interference through its filing of the above-mentioned cancellation proceeding has caused damage to Grass Brands.

66.     In view of the facts and circumstances set forth herein, judgment is warranted that AP's position is without merit, its allegations should be denied, and its petition for cancellation dismissed.

67.     AP's Petition for Cancellation should be dismissed and Grass Brands should be allowed to retain its lawful registration to its mark AGENT PROVOCATEUR.

68.     Likewise, AP's pending trademark application in class 10, namely, U.S. Trademark Application Serial No. 88/274,443 filed January 24, 2019 should be denied registration.

## COUNT V

**DECLARATORY JUDGMENT THAT DEFENDANT'S CLAIMS
ARE BARRED DUE TO UNCLEAN HANDS, INEQUITABLE CONDUCT
AND/OR FRAUD AND CANCELLATION OF DEFENDANTS'
REGISTRATIONS PROCURED BY THE SAME**

69.     Grass Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

70.     In Defendant AP's applications and registrations to the USPTO, it set forth sworn statements as to dates of first use for a series of goods that were allegedly all being sold in U.S. interstate commerce.

11

71.     Upon information and belief, the representations by AP to the USPTO in its applications regarding all of the alleged goods being used in commerce, the dates of use of those goods in commerce, and the alleged continuous use thereof were false.

72.     AP has not provided any evidence of dates of first use, or evidence of the range of dates of use, if any, or evidence of continuous use of the mark AGENT PROVOCATEUR on goods in commerce, despite that information having been specifically requested during discovery in the above-referenced cancellation proceeding before the TTAB.

73.     In addition, AP's predecessor-in-interest previously represented to Grass Brands that AP would not be expanding into Grass Brands' international class 10, and was not, and would not be, asserting any rights in that class.

74.     Grass Brands relied on those representations.  As shown by the present cancellation proceeding, those representations by AP, upon information and belief, were false and material misrepresentations.

75.     Grass Brands has been and is being damaged by those representations, in having to defend proceedings before the TTAB and to pursue the present proceedings, and in having to incur the counsels' fees and expenses associated therewith.

76.     Grass Brands is also being damages in having a cloud of uncertainty improperly cast over Grass Brands' duly and lawfully registered trademark rights which are the basis of Grass Brands' licensing business.

77.     Grass Brands has been injured by Defendant AP and its predecessor-in-interest's conduct and will continue to be injured by this conduct.

12

78. Therefore, AP's claims should be barred due to its unclean hands, inequitable conduct and/or fraud.

79. For the same reasons, AP's registrations procured by its unclean hands, inequitable conduct and/or fraud should all be cancelled under Section 37 of the Lanham Act and all further applicable law.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq. and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and any and all other applicable law, Grass Brands prays for relief as follows, a Judgment declaring that:

A. Grass Brands and its affiliates, licensees, and their related companies and their customers and suppliers, have the right to use, sell, or license the AGENT PROVOCATEUR mark under international 10.

B. Grass Brands and its affiliates, licensees, and their related companies and their customers and suppliers, have the right to use, sell, offer for sale their products with the AGENT PROVOCATEUR mark, and that their activities do not infringe AP's alleged federal trademark or common law trademark rights, if any.

C. AP does not have federal trademark rights of the breadth and/or form that it is asserting and/or that any such rights are invalid.

D. Grass Brands has rights to the mark AGENT PROVOCATEUR which was filed with the USPTO and registered (Registration No. 5,005,075) and terminating any cancellation proceedings with regard to the mark.

13

E.    AP's claims against Grass Brands are barred under the doctrine of laches,

estoppel, release, acquiescence and/or waiver.

F.    AP's claims are barred under the doctrine of unclean hands, inequitable

conduct, and/or fraud.

1.    AP's registrations were procured by unclean hands, inequitable conduct

and/or fraud, and should all be cancelled.

G.    Awarding Grass Brands its costs and attorney's fees under 15 U.S.C.

§1117, and any other applicable laws.

H.    Awarding such other relief as this Court may deem just and proper.

Dated: July 12, 2019                          */s/ Lee A. Goldberg*

                                              _____

                                              Lee A. Goldberg
                                              Morris E. Cohen
                                              Limor Wigder
                                              GOLDBERG COHEN LLP
                                              1350 Avenue of the Americas, 3rd Floor
                                              New York, New York 10019
                                              (646) 380-2087 (phone)
                                              (646) 514-2123 (fax)
                                              LGoldberg@GoldbergCohen.com
                                              MCohen@GoldbergCohen.com
                                              LWigder@GoldbergCohen.com

14